**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHANIE V. RIMEL | **ELECTRONICALLY FILED** |
| Plaintiff, | |
| vs. | CIVIL DIVISION |
| ALABAMA JANITORIAL & PAPER | No.: 2:23-cv-02020-WSS-CRE |
| SUPPLY, LLC d/b/a ALJAN PAPER | |
| SUPPLY; AMAZING PRODUCTS, INC.; | |
| FIRST AND FOREMOST TRADING, LLC; | From the Court of Common Pleas of |
| and WALMART, INC. | Allegheny County, Pennsylvania |
| Defendant(s) | Case No. GD-23-012468 |

**BRIEF IN SUPPORT OF DEFENDANT**
**ALABAMA JANITORIAL & PAPER SUPPLY'S**
**MOTION TO DISMISS**

Defendant Alabama Janitorial & Paper Supply ("ALJAN"), by its undersigned

counsel, files this Brief in Support of its Motion to Dismiss, stating as follows:

**INTRODUCTION**

Plaintiff, Stephanie V. Rimel (the "Plaintiff"), instituted this action by filing a

Complaint against several parties, including Moving Defendant, Alabama Janitorial & Paper

Supply (ALJAN).  Plaintiff alleges that during the course of her employment as a United

States Postal Worker, she suffered injuries when handling a package that contained a

product that was identified as 'Liquid Fire' (the "Product").  Plaintiff, who according to her

Complaint, was a USPS mail handler, has asserted claims against various corporate

defendants for workplace injuries that she allegedly sustained when the Product leaked from

its container and packaging, which she was handling, resulting in third-degree burns to the

left side of her body. In her Complaint, the Plaintiff has alleged six separate counts against

ALJAN, and the other defendants: (1) strict liability; (2) negligence; (3) inherently

dangerous substance; (4) violation of HCS governmental regulation; (5) violation of postal

service governmental statute; and (6) fraud. As will be discussed below, Plaintiff's claims against ALJAN are insufficient and should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff instituted this action by filing a Complaint in the Court of Common Pleas of Allegheny County on or about October 26, 2023. *See* ECF No. 1, Ex. A. Defendant Walmart, Inc. ("Walmart") removed the action to this Court on November 24, 2023, based on diversity of jurisdiction. *See* ECF No. 1. The Plaintiff's Complaint asserts claims against Defendant Alabama Janitorial & Paper Supply, LLC d/b/a ALJAN Paper Supply ("ALJAN") for strict liability, negligence, inherently dangerous substance, violation of HCS governmental regulation, violation of postal service governmental statute, and fraud. ECF No. 1, Ex. A, ¶¶ 53-87. Plaintiff makes similar claims against Defendants, Walmart, Inc. ('WMT'), Amazing Products, Inc. (API) and First and Foremost Trading, LLC ('FFT'). The Plaintiff alleges that ALJAN or FFT shipped, sold, distributed and/or retailed the product the "Product". ECF No. 1, Ex. A, ¶ 3,7.

Plaintiff alleges that she suffered injuries while handling a package containing 'the Product' while working in her job as United States Postal worker. Plaintiff alleges that the Product leaked from the packaging and caused burns to her body. ECF No. 1, Ex. A, ¶¶ 35-44. The Plaintiff was not the purchaser of the product, but rather the Plaintiff alleges that the product was purchased by the ultimate consumer from WMT's website. ECF No. 1, Ex. A, ¶ 27. Plaintiff further alleges that either ALJAN or FFT placed the Product in the mail for shipping and that they expressly denied the presence of any hazardous materials to a USPS employee. ECF No. 1, Ex. A ¶¶ 33, 34. Plaintiff also states/admits that the package containing the Product had a return address of "First and Foremost Trading, LLC, *illegible*,

Vernon Hills, IL 60061. ECF No. 1, Ex. A ¶31.

Based on these allegations, the Plaintiff seeks to recover compensatory and punitive damages for her injuries.

**ARGUMENT**

I.      **Plaintiff Is Not Able To File A Claim For Strict Product Liability Under Pennsylvania Law As She Is Not the Ultimate User Or Consumer Of The Product.**

Although Plaintiff is seeking to hold ALJAN strictly liable under Pennsylvania law, Plaintiff is not the "ultimate user" or "consumer" of the Product.  It is well settled that Pennsylvania product liability law is governed by Section 402A of the Restatement (Second) of Torts as adopted by the Pennsylvania Supreme Court in Webb *v. Zern*, 220 A.2d 853, 854 (Pa. 1966).  Under Section 402A of the Second Restatement:

(1)     One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ***ultimate user or consumer***, or to his property, if

(a)     the seller is engaged in the business of selling such a product, and

(b)     it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

*See* Restatement (Second) of Torts § 402A (emphasis added).

The language is clear in 402A that only the ultimate user or consumer may bring a claim for strict products liability in Pennsylvania.  The Plaintiff, according to their own allegations in their Complaint, was not the ultimate user or consumer. ECF No. 1, Ex. A ¶¶ 27, 35  Plaintiff was only involved in the handling of the Product during the shipping process which does not qualify her as the ultimate user or consumer.  The Court in *D'Antonio v. FMC Techs., Inc.*, 2:16-cv-703, 2016 U.S. Dist. LEXIS 135390, (W.D. Pa. Sept. 30, 2016)

at *1, held that an individual injured during the shipping process were not considered "ultimate users or consumers". The Plaintiff in *D'Antonio* was injured during the shipping process of a product to a purchaser when he was injured.  The Court held that the Plaintiff was not the ultimate user or consumer and therefore was not within the intended scope of coverage under 402A.  *Id*. at *4.

In this case, the Plaintiff was only involved with the handling of the Product during the process of shipping the Product to the purchaser.  Plaintiff admits in her Complaint that she was acting within the course and scope of her employment when she was allegedly injured.  *See* ECF No. 1, Ex. A ¶¶35, 37, 41, and 42. Like in *D'Antonio*, Plaintiff is not within the class of persons covered under 402A.  Count I of Plaintiff's Complaint should therefore be dismissed as it pertains to ALJAN.

## II.    Count III of Plaintiff's Complaint Attempts to Assert an Improper Claim for An Inherently Dangerous Product.

Neither Pennsylvania law nor Federal law recognizes an independent claim for an inherently dangerous product.  This 'claim' is part of a strict products liability claim, which we have already shown is not applicable in this matter as the Plaintiff is not the ultimate user or consumer.  Plaintiff admits in their response to WMT's Motion to Dismiss that Count III is just another negligence count. *See* ECF No. 12 at p. 12.  As Plaintiff readily admits that this is a duplicative Count, the Court should dismiss Count III of Plaintiff's Complaint.

## III.   Count IV Should Be Dismissed as There Does Not Exist a Private Cause of Action or OSHA Violations

Plaintiff brings a claim for "Violation of HCS Governmental Regulation." In Count IV of their Complaint.   Plaintiff alleges that ALJAN violated OSHA Regulation 1910.1200(g).  Although OSHA violations may be used as evidence of negligence, the

violations themselves cannot serve as an independent claim upon which a private action can be brought. *Ries v. AMTRAK*, 960 F.2d 1156 (3d Cir. 1992). Count IV of Plaintiff's Complaint should therefore be dismissed.

### IV.   Count V of Plaintiff's Complaint Should Be Dismissed as There Does Not Exist a Private Cause of Action for Violation of the Postal Service Statute or Regulations.

Plaintiff asserts a claim for "Violation of Postal Service Governmental Statute" in Count IV of her Complaint. Specifically, Plaintiff alleges that ALJAN violated 18 U.S.C. § 1716 and USPS Interim Final Rule 39 CFR Part 111 See ECF No. 1, Ex. A ¶ 77. Plaintiff cannot assert a private cause of action for a violation of either of these statutes or regulations. Plaintiff has not asserted any authority to suggest otherwise. 18 U.S.C. § 1716 is a criminal statute and unless the statute expressly states otherwise, a private right of action does not exist to enforce the provisions of the criminal statute. See, e.g., *Alexander v. Sandoval*, 532 U.S. 275, 285 (2001).

Likewise, there exists no private cause of action for an alleged violation of the Postal Reorganization Act, 39 U.S.C.§ 101 et seq. *Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 301 (3d Cir. 2007). As a result, Count V of the Complaint should be dismissed.

### V.   Count VI Should Be Dismissed as it  Fails to Plead Sufficient Facts to State a Claim or Fraud Against ALJAN.

Plaintiff alleges ALJAN "knowingly and willfully made a material factual misrepresentation that [] the package did not contain hazardous material to an employee of the USPS in order to have the package placed in the USPS mail." ECF No. 1, Ex. A ¶ 85(a). Plaintiff has not identified what individuals made these claims and to whom these claims were made. Furthermore, Plaintiff has already stated that the return address on the package

was identified as FFT and not ALJAN.  As Plaintiff has not pled sufficient facts upon which to support the claims in Count VI of her Complaint, Count VI should be dismissed.

**VI.   Any Claim for Punitive Damages Should Be Dismissed as the Complaint Fails to State Sufficient Facts**

In Plaintiff's Complaint, she alleges that the Defendants' conduct " was outrageous, malicious, wanton, willful, oppressive, or shows reckless indifference in the interest of others…" and that this warrants punitive damages.  ECF No. 1, Ex. A ¶ 50 Punitive damages may only be awarded where "an actor's conduct was malicious, wanton, willful, oppressive, or exhibited a reckless indifference to the rights of others." *Id.* (Citing SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489 (Pa. 1991); Rizzo v. Haines, 520 Pa. 484 (Pa. 1989)).

Reckless indifference is intentional conduct "of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probably that harm will follow." Evans v. Philadelphia Transportation Company, 418 Pa. 567 (Pa. 1965). Punitive damages are an extreme remedy reserved for exceptional matters and "should not be meted out to every defendant who is found to have acted negligently; rather, it should be reserved for those cases in which the defendant has acted in a particularly outrageous fashion." Phillips v. Cricket Lighters, 584 Pa. 179 (Pa. 2005). Not even a showing of gross negligence is sufficient to establish that punitive damages should be awarded. Id. (Citing SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489 (Pa. 1991)

In this matter, other than making the above boilerplate language, the Plaintiff has not alleged any facts that would warrant the imposition of punitive damages.  Moreover, the facts pled suggest, that ALJAN was not the seller or shipper of the Product.  Although not part of the Complaint, ALJAN is also aware of facts that support the claim that the seller and shipper of the

Product was FFT.  Plaintiff is in possession of this information, albeit, subsequent to the filing of

the Complaint.  Plaintiff has not alleged, and quite frankly, has no basis to allege any facts upon

which would rise to the level that ALJAN acted willfully, maliciously, or with wanton disregard

for her rights. Therefore, the Court should strike the Plaintiff's request for punitive damages from

the Complaint as to ALJAN.

### CONCLUSION

For the reasons stated above, this Court should dismiss Counts I, III, IV, V, and VI of the

Complaint, as to ALJAN, and strike the claim for punitive damages against ALJAN.

Respectfully submitted,

By: _____
John P. Shea, Esq.
PA Bar No. 65987
**Attorney for Defendant,**
Alabama Janitorial & Paper Supply, LLC
d/b/a ALJAN Paper Supply
KENT/McBRIDE, P.C.
1617 JFK Boulevard, Suite 1140
Philadelphia, PA 19103
jshea@kentmcbride.com
PH: 267-702-1736
FX: 215-568-1830

Dated: March 27, 2024